IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**In re:**

Terrell Place Property, LLC, A DC Entity
c/o Beacon Capital Partners
1001 19th Street N.
Suite 1960
Arlington, VA 22209

**Plaintiff/Counter-Defendant.**

Ryan Macaulay
2228 Jacob Way
Gambrills, MD 21054

BF Chinatown, LLC, A Delaware Entity
C/O Raymond Rahbar
10110 Nedra Drive
Great Falls, VA 22066

**Defendants &
Counter-Plaintiffs &
Third Party Plaintiffs**

Raymond Rahbar
10110 Nedra Drive
Great Falls, VA 22066

**Defendant &
Counter-Plaintiff**

Cushman & Wakefield, an Illinois Entity
C/O CT Corporation
1377 Motor Pkwy
Suite 203
Islandia, NY, 11749

Beacon Capital Partners, LLC
200 State Street
5th Floor
Boston, Massachusetts 02109

**Additional Counter-Claim
Third-Party Defendants**

**Federal Court Filing Number:**

Case: 1:25-cv-02466   JURY DEMAND
Assigned To : Unassigned
Assign. Date : 7/30/2025
Description: Pro Se Gen. Civ. (F-DECK)

**DC Superior Court Filing:
Civil Action No. 2021-CA-000841B**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

RECEIVED
JUL 30 2025
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## **NOTICE OF REMOVAL**

Please take notice that Defendant Raymond Rahbar, with the consent of all defendants, hereby removes this action from the Washington DC Superior Court to the United States District of Columbia pursuant to 28 U.S.C. §§ 1441 et seq. In support of this Notice of Removal, Defendant Raymond Rahbar states as follows:

### CIVIL ACTION TO BE REMOVED

1. Terrell Place Properties, a DC entity, originally commenced this current action on March 18, 2021, by filing a complaint against multiple defendants, including BF Chinatown, a Delaware entity, Raymond Rahbar a Virginia resident, Ryan Macaulay, a Maryland resident, Macrolease, a Delaware entity, and United Leasing, an Indiana entity. The filed complaint is D.C. Superior Court, Case No. **2021-CA-000841B.**

2. This was Plaintiff Terrell Place Properties third attempt at a lawsuit against BF Chinatown, Raymond Rahbar and Ryan Macaulay. The first attempt resulted in a DC Superior Court Judge's Sua Sponte dismissal and sanctions for bringing an eviction suit during the Covid-19 pandemic after Washington DC Court of Appeals ruled the moratorium on evictions was lawful and constitutional. The second attempt was against only BF Chinatown in Landlord-Tenant court after the moratorium had ended.

3. Originally, because of Macrolease's involvement, the case did not have diversity for removal to federal court.

4. However, since filing the lawsuit, Terrell Place Properties has dismissed Macrolease and United Leasing, due to bad faith inclusion, from the action.

5. On or about May 28, 2025, both Raymond Rahbar and Ryan Macaulay were granted leave to file counterclaims and third-party counterclaims. The motion to file counterclaims was not opposed by Plaintiff Terrell Place Properties.

6. Ryan Macaulay countered Plaintiff Terrell Place Properties and additionally sued Cushman & Wakefield and Beacon Capital Partners as Additional Counter-Claim Third-Party Defendants.

7. Beacon Capital Partners was served with the complaint by Ryan Macaulay on or about July 21, 2025.

8. On or about July 28, 2025, Ryan Macaulay amended his counterclaim per his rights under DC Superior Rule 15 (which operates similar to the federal rule).

9. As of this action, all parties except Cushman and Wakefield have been served. This includes:

   a. Terrell Place Properties, a DC entity
   b. BF Chinatown, a Delaware entity
   c. Beacon Capital Partners, a Massachusetts entity
   d. Raymond Rahbar, a Virginia resident; and
   e. Ryan Macaulay, a Maryland resident[1]

10. Procedurally, very little discovery has taken place despite a long and tortured procedural past. No depositions have been taken of any party by any party and no party has filed any dispositive motions.

11. This Court has original jurisdiction of this dispute pursuant to 28 U.S.C. §1332. In further support of this Notice of Removal, Defendant Raymond Rahbar state as follows:

### THE STATUTORY REQUIREMENTS FOR REMOVAL BASED ON DIVERSITY JURISDICTION AND AMOUNT IN CONTROVERSY ARE NOW MET

---

[1] Both United Leasing and Macrolease were both dismissed from the action.

12. Pursuant to 28 U.S.C. § 1332(a), district courts have original jurisdiction of all civil actions in which the matter in controversy (a) exceeds the sum or value of $75,000.00, exclusive of interest and costs, and (2) is between citizens of different States.

13. Plaintiff originally used and sued Macrolease and United Leasing for the sole purpose of preventing diversity between the Parties. However, both parties have since been dismissed for bad faith.

14. Plaintiff Terrell Place Properties is a Washington DC entity for purposes of determining diversity of citizenship. See 28 U.S.C. §1332(a) and §1332(c).

15. Defendant Ryan Macaulay is, and has been, a resident of the State of Maryland. Accordingly, Defendant Macaulay is not a citizen of DC for purposes of determining diversity of citizenship. See 28 U.S.C. § 1332(a).

16. Defendant Raymond Rahbar is, and has been, a resident of the Commonwealth of Virginia. Accordingly, Defendant Rahbar is not a citizen of DC for purposes of determining diversity of citizenship. See 28 U.S.C. § 1332(a).

17. Defendant BF Chinatown is a Delaware entity and operates out of Delaware. Accordingly, Defendant BF Chinatown is not a citizen of DC for purposes of determining diversity of citizenship. See 28 U.S.C. §1332(a) and §1332(c).

18. Defendant Beacon Capital Partners is a Massachusetts entity and operates out of their headquarters in Massachusetts. Accordingly, Defendant Beacon Capital Partners is not a citizen of DC for purposes of determining diversity of citizenship. See 28 U.S.C. §1332(a) and §1332(c).

19. Defendant Cushman & Wakefield has not been served and therefore not part of the diversity analysis. However, even if Defendant Cushman & Wakefield were served, there would

still be diversity as Cushman & Wakefield is an Illinois entity operating out of New York. See 28 U.S.C. §1332(a) and §1332(c).

20. Both the Complaint, counterclaims and third-party claims all assert and allege claims far greater than $75,000.00 dollars.

21. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 in that it is a civil action between citizens of different states where the amount in controversy exceeds $75,000.00.

22. There is now complete diversity of citizenship between Plaintiff and Defendants.

23. The amount in controversy in this action exceeds $75,000.00.

24. Consequently, federal subject matter jurisdiction is proper over the entire case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

25. Copies of all pleadings and orders served upon Defendants are attached as Exhibit A.

26. A copy of the Notice of Filing of Notice of Removal, which will be timely filed with the clerk of the state court in which the action is pending and will be served on Plaintiff pursuant to 28 U.S.C. § 1446 (d), is attached hereto as Exhibit B.

27. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

28. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and the claims are properly removed to this Court under 28 U.S.C § 1332, 1441 and 1446.

29. In the event that Plaintiff seeks to remand this case, or this Court considers remand Sua Sponte, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

**WHEREFORE**, this action should proceed in the United States District Court for the District of Columbia.

Respectfully submitted,

/s/ Raymond Rahbar
Date Signed: July 30, 2025
Raymond Rahbar
10110 Nedra Drive
Great Falls, VA 22066
703-597-3034
Raymond.rahbar@gmail.com

## CERTIFICATE OF SERVICE

I certify that that a true and correct copy of the foregoing Notice was served on July 30, 2025, (i) electronically, via Notice of Electronic Filing upon all registered users in this case pursuant to this Court's CM/ECF policy; (ii) electronically, via Washington DC Superior Court's mandatory electronic system; and (iii) via U.S. mail, first-class postage prepaid, to the registered agent of Beacon Capital Partners and Cushman & Wakefield.

Respectfully submitted,

/s/ Raymond Rahbar
Date Signed: July 30, 2025
Raymond Rahbar
10110 Nedra Drive
Great Falls, VA 22066
703-597-3034
Raymond.rahbar@gmail.com

# Exhibit A

# Exhibit B

Case 1:25-cv-02466-UNA   Document 1   Filed 07/30/25   Page 8 of 10

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

|  |  |
|---|---|
| TERRELL PLACE PROPERTY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2021 CA 000841 B |
| v. ) | Judge Yvonne Williams |
| ) | Next Event: Status Hearing |
| BF CHINATOWN LLC, *et al.*, ) | January 24, 2025 |
| ) | |
| Defendants. ) | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on July 30, 2025, the above-captioned action was removed by Defendant Raymond Rahbar, with consent BF Chinatown, LLC and Ryan Macaulay to the United States District Court for the District of Columbia, in which all further proceedings in this matter shall be held. A copy of the Notice of Removal filed in the United States District Court for the District of Columbia is attached hereto as Exhibit 1.

Respectfully submitted,

/s/ Raymond Rahbar
Date Signed: July 30, 2025
Raymond Rahbar
10110 Nedra Drive
Great Falls, VA 22066
703-597-3034
Raymond.rahbar@gmail.com

Exhibit A